MEMORANDUM **
The police officers could reasonably have believed there was probable cause that Christian Flores (Flores) and Myrna Morales (Myrna) had committed or were committing criminal offenses at the time of their arrests, and that exigencies existed due to concerns for officer safety and the safety of others. See United States v. Quinn, 18 F.3d 1461, 1464 (9th Cir.1994); United States v. Al-Azzawy, 784 F.2d 890, 894 (9th Cir.1986).
They could have also reasonably believed that probable cause and exigent circumstances existed to search appellants’ home. Flores exited the home without the gun he was thought to have taken inside. The officers therefore had probable cause to search the house for that gun, which they reasonably believed was evidence of a crime and still inside. See United States v. Alaimalo, 313 F.3d 1188, 1193 (9th Cir.2002) (noting that “the securing of a residence” is proper where there is a “fair probability that ... evidence of a crime would be found inside”) (citation omitted). And the officers could reasonably have feared someone still inside the house might use the gun to shoot at them. This fear for their safety constituted the exigent circumstances that were also needed to justify the officers’ warrantless search of the home. See Al-Azzawy, 784 F.2d at 894 (defining exigent circumstances as “those in which a substantial risk of harm to the persons involved or to the law enforcement process would arise if the police were to delay a search [or arrest] until a warrant could be obtained”) (citation omitted).
Because the search was supported by probable cause and exigent circumstances, the officers’ detention of the remaining appellants was reasonable and did not constitute an arrest. See Sanchez v. Canales, 574 F.3d 1169, 1173 (9th Cir.2009).
None of the remaining issues raised on appeal have merit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.